IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| Kevin Campbell, *As Trustee for* § | |
| Williams Farms Produce Sales, Inc., § | |
|     *Plaintiff*, § | |
| § | |
| v. § | Civ. No. 1:14-cv-097 |
| § | |
| James W. Williams, Faye Williams, § | |
| Mark T. Williams, Jim Williams, § | |
| William Anthony Williams, § | |
| and Williams Farms, L.L.C., Mark D. Ball, § | |
| & Williams Farms Repack L.L.C., § | |
|     *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Transfer Venue by Defendants James W. Williams, Faye Williams, Mark T. Williams, James Williams Jr., William Anthony Williams, Williams Farms LLC, and Williams Farms Repack LLC (collectively referred to hereinafter as "Defendants"). In their Motion, Defendants request that all claims against them be transferred to the venue of the United States Bankruptcy Court in the District of South Carolina pursuant 28 U.S.C. § 1412 [Doc. No. 16]. In a subsequently-filed brief, Defendants request that this cause be transferred to the United States District Court for the District of South Carolina pursuant 28 U.S.C. §§ 1412 and 1404 [Doc. No. 41]. The Trustee-Plaintiff opposes this transfer. [Doc. No. 41]. For the reasons stated below, it is the opinion of this Court that Defendants' Motion to Transfer Venue to the United States District Court for the District of South Carolina be granted.

1

I.   Background

Kevin Campbell (hereinafter the "Trustee") is the Chapter 7 Trustee for Williams Farms Produce Sales, Inc. (hereinafter the "debtor"). On July 10, 2014, the Trustee filed his First Amended Complaint (hereinafter the "Complaint") against Defendants in the Southern District of Texas, Brownsville Division. Pursuant to 11 U.S.C. § 544(b), the Trustee seeks to set aside the alleged fraudulent transfer of assets by the debtor to Defendants. In addition, the Trustee brings claims on behalf of the debtor for breaches of fiduciary duty (as well as conspiring and aiding and abetting the same), and seeks to pierce the corporate veil of Williams Farms, LLC (hereinafter "Williams Farms") and Williams Repack, LLC (hereinafter "Williams Repack").

Historically, this case arises out of a business transaction between the debtor, R&G Produce Company of Rio Hondo, Texas (hereinafter "R&G"), Eddie May (hereinafter "May"), and May's Company — Del Sol Farms (hereinafter "Del Sol"). The debtor, R&G, and Del Sol entered into a business relationship in which May and Del Sol contracted to purchase grape tomatoes from R&G. The debtor's role was to broker the tomatoes for Del Sol and May. The relationship deteriorated when the debtor brokered the tomatoes for a commission, but May and Del Sol failed to pay R&G for the tomatoes. R&G filed suit against the debtor for the unpaid invoices, and was eventually awarded $2,332,569.44 in a jury verdict. Final judgment was entered by a state district court in Cameron County, Texas, which was eventually affirmed by the Thirteenth Court of Appeals sitting in Corpus Christi, Texas.

Subsequently, R&G filed a fraudulent transfer claim against the debtor and Defendants in this Court. According to R&G, the debtor (and other defendants) fraudulently transferred assets into the accounts of Williams Farms and Williams Repack to avoid paying the judgment. On

2

March 7, 2014, the debtor filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court in the District of South Carolina. Thereafter, this Court granted the Trustee's motion to substitute the Trustee for R&G as a real party, severed the R&G case which had been stayed because of the bankruptcy, and allowed the Trustee to proceed with his new claims against Defendants.

II.   Analysis

Defendants have moved to transfer the case to either the United States District Court for the District of South Carolina or the United States Bankruptcy Court in the District of South Carolina under 28 U.S.C. §§ 1412 and 1404(a).

a.   Transfer under 28 U.S.C. § 1412

The preliminary question in deciding whether to grant a motion to transfer venue is whether 28 U.S.C. §§ 1404(a) or 1412 controls the analysis. *See Dunlap v. Friedman's Inc.*, 331 B.R. 674, 677 (S.D. W.Va. 2005). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer *any civil action* to any other district court or division where it might have been brought or to any district to which all parties have consented." 28 U.S.C. § 1404(a) (emphasis added). Similarly, Section 1412 states that "[a] district court may transfer a case or proceeding *under title 11* to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412 (emphasis added). While there has been a split of authority in deciding which section controls, this Court interprets § 1404(a) as applying to the transfer of civil actions in general, and § 1412 as more specifically governing the transfer of actions that are "related to" a bankruptcy proceeding. *See Dunlap,* 331 B.R. at 677 (citing cases that disagree as to which section controls);

3

*see also Creekridge Capital, LLC v. La. Hosp. Ctr., LLC,* 410 B.R. 623, 629 (D. Minn. 2009) (referring to § 1412 as "a transfer provision specific to bankruptcy cases"). Nonetheless, courts apply essentially the same factors in analyzing transfers under §§ 1404(a) and 1412. *See Creekridge*, 410 B.R. at 628 n.3. Furthermore, as noted by the *Creekridge* court, choosing one transfer provision over the other generally has no effect on the ultimate transfer determination. *Id.*

Defendants argue that because the Trustee's claims are "related to" the debtor's bankruptcy case, they are "case[s] or proceeding[s] under title 11" and should be transferred pursuant to § 1412. This Court agrees.

Title 28, Section 1334(b) of the United States Code provides:

> Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in *or related to* cases under title 11.

28 U.S.C. § 1334(b) (emphasis added). Therefore, in order to transfer this case pursuant § 1412, the Trustee's claims must be "related to" the debtor's bankruptcy proceeding pending in the United States Bankruptcy Court in the District of South Carolina. *See Creekridge*, 410 B.R. at 627. Courts in this Circuit have adopted the "related to" test, as set out in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), to determine if an action is related to a bankruptcy proceeding. *See Colvin v. Amegy Mortg. Co.*, 507 B.R. 169, 177 (W.D. Tex. 2014); *see also Creekridge*, 410 B.R. at 627 (referring to an identical test as the "conceivable effects" test). Under this broad and deferential analysis, a case is related to a bankruptcy proceeding if it "could conceivably have any effect on the estate being administered in bankruptcy." *Creekridge*, 410 B.R. at 627. Therefore, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights,

4

liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and administration of the bankrupt estate." *Id* at 627 (quoting *In re Farmland Indus. Inc.*, 567 F.3d 1010, 1019 (8th Cir. 2009)).

This Court is persuaded that the Trustee has met the low burden required of him under the conceivable effects test because, if the Trustee were to prevail on any of his claims, there could be a conceivable effect on the debtor's bankruptcy estate. As the Trustee has now effectively replaced R&G (a creditor of the debtor) as the plaintiff in the lawsuit, were the Trustee to prevail on his claim, the alleged fraudulent transfer of assets by the debtor to Defendants would be set aside. This would undoubtedly increase the value of the bankruptcy estate.  Furthermore, if the Trustee were to prevail on any of his other claims on behalf of the debtor, including those for breaches of fiduciary duty, aiding and abetting breaches of fiduciary duty, and conspiracy, or if he is successful in piercing the corporate veil of Williams Farms and Williams Repack, any damages awarded could also have a conceivable effect on the debtor's bankruptcy. Therefore, because the Trustee's claims (including those brought on behalf of the debtor) against Williams Farms, Williams Repack, and the debtor meet the conceivable effects test, they are related to the debtor's bankruptcy proceeding.

The Court must next determine if transferring the Trustee's "related to" claims is warranted under § 1412. *See Creekridge*, 410 B.R. at 629. As the movants, Defendants have the burden of showing by a preponderance of evidence that a transfer is "in the interest of justice" or "for the convenience of the parties." *Id*; *see also OCB Rest. Co. v. Vlahakis* (*In re Buffets Holdings, Inc.*), 397 B.R. 725, 727 (Bankr. D. Del. 2008); *McLemore v. Thomasson* (*In re Thomasson*), 60 B.R. 629, 632 (Bankr. M.D. Tenn. 1986). Thus, while the Court typically gives great weight to Plaintiff's choice of forum, a transfer is nonetheless appropriate if it is in the interest of justice or

for the convenience of the parties. *See Lothian Cassidy, LLC v. Lothian Exploration & Dev. II, L.P.*, 487 B.R. 158, 162 (S.D.N.Y. 2013) (noting that courts give "great weight to Plaintiff's choice of forum"). Ultimately, however, the decision to transfer is within the discretion of the court. *See Zazzali v. 1031 Exch. Grp.* (*In re DBSI Inc.*), 478 B.R. 192, 2012 WL 3306995 (Bankr. D. Del. 2012); *In re Buffets Holdings, Inc.*, 397 B.R. at 730.

In determining whether a transfer is "in the interest of justice," the following factors are considered:

> (a) Economics of estate administration
> (b) Presumption in favor of the "home court"
> (c) Judicial efficiency
> (d) Ability to receive a fair trial
> (e) The state's interest in having local controversies decided within its borders, by those familiar with its laws
> (f) Enforceability of any judgment rendered
> (g) Plaintiff's original choice of forum

*In re Bruno's*, 227 B.R. 311, 324-25 (Bankr. N.D. Ala. 1998) (quoting *Gulf States Exploration Co. v. Manville Forest Prods. Corp.* (*In re Manville Forest Prods. Corp.*), 896 F.2d 1384, 1391 (2d Cir. 1990) (describing the standard as "broad and flexible").

Determining whether a transfer is warranted for the convenience of the parties is also a case-by-case determination. Factors considered by courts include:

> (a) Location of the plaintiff and defendant
> (b) Ease of access to necessary proof
> (c) Convenience of witnesses
> (d) Availability of subpoena power for the unwilling witnesses
> (e) Expense related to obtaining witnesses

*Id.*

Balancing all of the relevant factors, this Court finds that a transfer to the United States District Court for the District of South Carolina is both in the interest of justice and more convenient for the parties and witnesses. First, the debtor's bankruptcy case was filed in the

District of South Carolina, which weighs strongly in favor of transferring to the "home court," or the court where the bankruptcy case is pending. In addition, as argued by Defendants in their Motion and supplemental brief, and acknowledged by the Trustee, South Carolina law applies to all claims in this case. This weighs strongly in favor of transferring the case to a court that is most familiar with the laws implicated by the claims and has an interest in deciding cases within its own borders, as well as the power to enforce any judgment rendered.

The convenience of the parties analysis also favors a transfer. First, all of the parties in this case, including the Trustee, are either residents of South Carolina or have their principle places of business in South Carolina. Additionally, the debtor's, Williams Farms', and Williams Repack's bank accounts during the time period of the alleged transfers were located at Enterprise Bank of South Carolina. With all parties' residences or principle places of business being in South Carolina, it follows that all financial records, data, potential witnesses, and virtually any other type of conceivable "necessary proof" is in South Carolina. Therefore, these factors also weigh heavily in favor of transferring because it is undoubtedly for the convenience of the parties for this case to be heard in the district where all parties reside, where there is greater accessibility to evidence, and where witnesses necessary to "a fair trial" reside.

All conceivable reasons weighing against transfer were essentially eliminated when R&G's case was severed and stayed by the debtor's bankruptcy. That case is unaffected by this order and remains pending in the Southern District of Texas, Brownsville Division. R&G was effectively replaced by the Trustee, a South Carolina resident, in this cause of action. Defendants have also raised objections concerning personal jurisdiction and improper venue in their supplemental brief. A transfer of venue would render any such objections moot. Therefore, this

7

Court finds that Defendants have met their burden, and transfer to the District Court for the District of South Carolina is warranted.

b.    Transfer under 28 U.S.C § 1404(a)

As noted above, because the analysis under § 1404(a) is essentially the same, this Court finds that granting Defendants' Motion to Transfer is also warranted under 28 U.S.C § 1404(a). "The only substantial difference between the statutes is the additional requirement under § 1404(a) that an action may be transferred to any place where venue could have been valid originally." *Sabre Tech., L.P. v. TSM Skyline Exhibits, Inc.*, 2008 WL 4330897, *8 (S.D. Tex. 2008) (quoting *City of Liberal v. Trailmobile Corp.*, 316 B.R. 358, 362 (D. Kan. 2004)). Thus, the preliminary question in determining if transfer is warranted under § 1404(a) is whether the action "might have been brought" in the destination venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008); 28 U.S.C § 1404(a). This case could have been originally filed in any court in the United States District Court for the District of South Carolina because it is within "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Therefore, because all of the defendants are residents of the state, and South Carolina is a single district state, venue is proper in South Carolina.

The Court must next decide if the moving party has met its burden of showing "good cause" for the transfer. *See In re Volkswagen*, 545 F.3d at 315. Under § 1404(a), "to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id*. Courts in this Circuit have applied the private and

8

public interest factors first enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), when deciding if a transfer of venue is warranted under § 1404(a). *See In re Volkswagen,* 545 F.3d at 315. (referring to the factors as the "*Gilbert* factors").

The *Gilbert* factors are non-exhaustive, non-exclusive, and "none . . . can be said to be of dispositive weight." *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). Private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of the witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* Public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] application of foreign law." *Id.*

Applying the *Gilbert* factors, this Court finds, for the following reasons, that Defendants have satisfied their burden and that transfer is warranted under Section 1404(a) in interest of justice and for convenience of the parties. First, as already discussed, the debtor's, Williams Farms', and Williams Repack's bank accounts during the time period of the alleged transfers were located at Enterprise Bank of South Carolina. Furthermore, all of the debtor's, Williams Farms', and Williams Repack's financial records, data, and other documents that would be considered "sources of proof" for any claim are located at or near their principle offices in South Carolina. Therefore, the first private interest factor weighs strongly in favor of transfer because litigating in South Carolina will increase the ease in which parties may access any necessary proof.

As for the second factor, although no specific witnesses have been listed, Defendants argue that all potential witnesses are in South Carolina because all office personnel, employees, or any other person who has handled the financials of the debtor, Williams Farms, or Williams Repack, reside in South Carolina. Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(ii), any witnesses in South Carolina are outside of this Court's subpoena power for depositions, and any trial subpoenas for witnesses in South Carolina are subject to motions to quash. *See In re Volkswagen*, 545 F.3d at 316-17. However, because "a district court can deny any motions to quash," this Court may compel any witness' attendance at trial, but it "can only do so by inconveniencing [them] in having to travel more than 100 miles to attend the trial." *In re Hoffman–La Roche, Inc.*, 587 F.3d 1333, 1336–37 (Fed. Cir. 2009). South Carolina, on the other hand, may compel all witnesses for both trial and depositions without imposing that inconvenience. As for Texas, the Trustee has only identified as potential witnesses certain Texas state court personnel in Brownsville. This Court can see no valid purpose in calling these individuals as witnesses. The only topics upon which they could testify are either provable by public records, or are matters which no reasonable party could contest. Therefore, the second factor weighs heavily in favor of transfer.

The third factor is also in favor of transfer because, in weighing the cost of attendance for willing witnesses, this Circuit set a 100-mile threshold rule, which states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to a witness increases in a direct relationship to the additional distance to be traveled." *In re Volkswagen*, 545 F.3d at 317 (quoting *In re Volkswagen AG*, 371 F.3d 201, 201-05 (5th Cir. 2004)). The distance from Brownsville to South Carolina well exceeds the 100-mile threshold. Therefore, litigation in this District would increase

10

the cost of attendance for potential witnesses. This factor, however, is also influenced by the debtor's pending bankruptcy case in South Carolina because, "the witnesses that would likely testify in this case will also be involved in [the debtor's] bankruptcy litigation." *Sabre Tech.*, 2008 WL 4330897, at *10. Thus, "witness travel costs can be reduced if all related litigation occurs in one location." *Id.* Along the same lines, the fourth factor also favors transfer because "all of the causes of action are either core bankruptcy proceedings or so closely related that they form part of the same controversy," and "they can most easily, expeditious, and inexpensively be litigated" in South Carolina. *Id*. at 11.

Considering the public interest factors, this Division has only one active Article III judge and is laboring under one of the busiest dockets in the nation. While this Court has no doubt that the judges of the District of South Carolina are also working hard, on a case per judge basis, their dockets do not compare to this Division. Moreover, this case is easily characterized as a "localized interest" that is better decided at home, which is South Carolina. Because all parties are South Carolina residents, South Carolina has an interest in deciding the localized interests at stake.[1] The third public interest factor also favors transfer to South Carolina. As noted above, Defendants argue that South Carolina law applies to all claims, which the Trustee does not dispute. The remaining public interest factor is neutral because neither party has identified any concerns regarding conflict of laws. Although Defendants argue that South Carolina law applies, they assert that South Carolina law applies regardless of the venue; thus, a transfer will neither avoid nor give rise to any unnecessary problems with conflict of laws. Therefore, in weighing the public and private interest factors, this Court finds that transferring the case to South Carolina is in the interest of justice and for the convenience of the parties.

---

[1] This Court is not unaware that the ultimate beneficiary of any recovery may be R&G — a resident of this Division. As noted above, however, it is not a party to this action. The R&G action, though stayed, remains in this Court.

11

III.    Conclusion

It is the finding of this Court that the interest of justice and convenience of the parties mandates that all claims by the Trustee against Defendants be transferred. The Court finds that transferring this case to the United States District Court for the District of South Carolina is warranted under both 28 U.S.C. §§ 1412 and 1404(a). Therefore, Defendants' Motion to Transfer [Doc. No. 16] is hereby granted.

A ruling on any other pending motions will be deferred, and will be left to the discretion of the District Court of South Carolina. The hearing set for June 22, 2015, is canceled. All parties are ordered to file in the original R&G case Cause No. 1:12-cv-228, a notice describing the resolution of this matter within 10 days of a final resolution.

Signed this 12th day of June, 2015.

_____
Andrew S. Hanen
United States District Judge